UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZACHARY BELL,

                Plaintiff,

- against -

UNITED STATES OF AMERICA,

                Defendant.

Case No. 25-cv-6331

**COMPLAINT**

Jury Trial Demanded

---

Plaintiff ZACHARY BELL, by and through his attorneys, Rickner Moskovitz LLP, respectfully alleges as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action for damages under the Federal Tort Claims Act ("FTCA") for the permanent injuries he suffered when he was assaulted, falsely arrested, and wrongfully accused of a federal crime by an agent of the United States Drug Enforcement Agency ("DEA") while that agent was acting within the scope of his employment.

### JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1346(b).

3. Venue is properly laid in the Southern District of New York, because the acts and omissions described herein occurred in the jurisdiction of the Southern District of New York.

### COMPLIANCE WITH 28 U.S.C. § 2675

4. Plaintiff has complied with all requirements of 28 U.S.C. § 2675 for the commencement and prosecution of his claims.

5. On or about January 16, 2024, Plaintiff properly presented his claims to the

United States through a Form 95 dated January 3, 2024.

6. By letter dated January 29, 2024, the United States Department of Justice, Civil Division, Torts Branch, confirmed receipt of Plaintiff's Form 95 and forwarded the claim to the DEA.

7. By letter dated July 12, 2024, the DEA confirmed receipt of Plaintiff's Form 95. Plaintiff's counsel responded to the letter and provided additional information to the DEA concerning claim.

8. By letter dated March 31, 2025, the DEA advised Plaintiff that it denied Plaintiff's claims.

9. This action is being commenced within six months of the date of the DEA's letter denying Plaintiff's claim.

## PARTIES

10. Plaintiff is a resident of New Jersey.

11. Defendant is the United States of America, sued herein for personal injuries to Plaintiff caused by the wrongful and/or negligent acts and/or omission of employees of the United States who were acting within the scope of their employment.

## FACTS

12. On or about December 9, 2022, Plaintiff attended a music performance in Manhattan, after which, he ordered an Uber to go home.

13. Plaintiff waited for the Uber in the vicinity of Ninth Avenue and Fourteenth Street.

14. A plain, dark colored SUV arrived that Plaintiff mistakenly believed was his Uber.

15. Plaintiff approached the vehicle and attempted to open the door of the vehicle.

16. Unbeknownst to Plaintiff, the vehicle was a DEA vehicle being driven by a DEA

agent who was acting in the scope of his employment with the DEA.

17. The vehicle was a dark colored, 2019 Jeep Grand Cherokee.

18. The vehicle was unmarked and otherwise unidentifiable as a DEA vehicle.

19. The DEA agent did not identify himself to Plaintiff or otherwise alert Plaintiff that the vehicle was not his Uber ride.

20. Plaintiff did not threaten or harass the driver of the vehicle (the DEA agent) or acting in a threatening manner.

21. Plaintiff posed no threat to the DEA agent.

22. Without any lawful basis to believe that Plaintiff posed a threat to him or that his actions were justified, the DEA agent exited the vehicle, drew his law enforcement firearm and pistol-whipped Plaintiff in his face with the weapon.

23. The DEA agent continued to strike Plaintiff about his body, including his head, and upper body, and threw Plaintiff to the ground.

24. Upon information and belief, the DEA agent handcuffed Plaintiff.

25. The DEA agent had no probable cause to arrest Plaintiff.

26. Following his arrest, Plaintiff was transported directly to Bellevue Hospital because of his serious injuries.

27. Plaintiff remained imprisoned during the time he was transported to and held at Bellevue Hospital.

28. Plaintiff had to undergo immediate surgery at Bellevue Hospital to address his serious injuries.

29. Given the severity of his injuries, Plaintiff was kept at Bellevue Hospital for four to five days, during which time he remained under arrest and restrained in custody.

30. The DEA agent's brutal, unprovoked, and entirely unjustified assault caused Plaintiff to suffer serious bodily injury including but are not limited to multiple facial fractures and trigeminal nerve injury.

31. To justify his misconduct, the DEA agent made false statements to other law enforcement authorities about Plaintiff's actions.

32. Among other things, the DEA agent falsely represented to Special Agent Christopher Harper of the Federal Bureau of Investigation that Plaintiff had yelled at the DEA agent to "get the fuck out of the car" and had reached toward his waistband in a manner indicating that he was reaching for a weapon.

33. FBI Special Agent Harper conveyed the DEA agent's false allegations to the United States Attorney's Office and swore to them in a complaint filed in this Court accusing Plaintiff of committing federal criminal offenses.

34. Based on the DEA agent's false allegations, Plaintiff was charged under the caption, *United States v. Zachary Bell*, No. 22 MAG 9972 (S.D.N.Y.), with Assault on a Federal Officer and Attempted Carjacking in violation of 18 U.S.C. §§ 111 and 2119.

35. The United States of America filed a Complaint in this Court, sworn to under oath by FBI Special Agent Harper, asserting that during the relevant events the DEA agent "was engaged in and on account of the performance of official duties." *See United States v. Zachary Bell*, No. 22 MAG 9972 (S.D.N.Y.) (Dkt. 1) ("the Complaint").

36. The Complaint further states that the DEA Agent was driving a "government-issued" vehicle "to return to his residence after finishing a scheduled shift" and that "DEA policy is that when an agent is operating an agency vehicle from work to his or her residence, they are considered to be on duty."

37. Because of the seriousness of his medical condition, Plaintiff could not be brought to court for an arraignment and instead, was given a "bedside" arraignment.

38. As a result of his wrongful arrest and the false charges filed against him, Plaintiff was held in custody at Bellevue Hospital for four to five days before he was released.

39. On or about January 2, 2023, less than a month after the criminal charges were filed against Plaintiff, the United States Attorney's Office moved to dismiss the charges against Plaintiff.

40. On January 3, 2023, a Magistrate Judge of this Court so-ordered the dismissal of the charges against Plaintiff.

41. News articles about the incident that include Plaintiff's name are readily found online with a Google search of Plaintiff's name. *See, e.g.*, https://nypost.com/2022/12/17/nj-man-zachary-bell-nabbed-after-allegedly-carjacking-dea-agent/.

42. These articles include the false carjacking allegations made by the DEA against Plaintiff.

43. As a result of the DEA agent's wrongful, reckless, and/or negligent actions, Plaintiff suffered serious injuries, including but not limited to permanent physical and emotional injuries, the deprivation of his freedom, embarrassment and damage to his reputation, medical expenses, economic damages, and other damages.

### FIRST CAUSE OF ACTION
### Assault and Battery

44. Plaintiff repeats, reiterates, and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

45. An employee of the United States, while acting in the scope of his government employment, acting without lawful justification or just cause, willfully and maliciously used

5

physical force against Plaintiff, causing him injuries.

46. As a result, Plaintiff suffered serious and permanent injuries.

47. The United States is liable for these tortious acts under the Federal Tort Claims Act because they were committed by federal agents or employees who were acting within the scope of the office or employment, under circumstances where the United States of America, if a private person, would be liable to Plaintiff.

## SECOND CAUSE OF ACTION
### False Arrest/False Imprisonment

48. Plaintiff repeats, reiterates, and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

49. Through the foregoing acts, an employee of the United States, while acting in the scope of his government employment, caused Plaintiff to be wrongfully detained without good faith, reasonable suspicion, probable cause, or legal justification.

50. Plaintiff was aware of this detention and did not consent to it.

51. The United States is liable for these tortious acts under the Federal Tort Claims Act because they were committed by federal agents or employees who were acting within the scope of the office or employment, under circumstances where the United States of America, if a private person, would be liable to Plaintiff.

## THIRD CAUSE OF ACTION
### Malicious Prosecution

52. Plaintiff repeats, reiterates, and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

53. The federal criminal proceeding commenced against Plaintiff was initiated by false allegations of an employee of the United States.

54. The employee of the United States made these false allegations while acting in the scope of his government employment.

55. The criminal proceeding was terminated in Plaintiff's favor when the charges against him were dismissed on the application of the United States Attorney's Office.

56. There was no probable cause for any of the charges brought against Plaintiff.

57. The proceeding was brought out of actual malice and in order to cover up for the DEA agent's misconduct.

58. The United States is liable for these tortious acts under the Federal Tort Claims Act because they were committed by federal agents or employees who were acting within the scope of the office or employment, under circumstances where the United States of America, if a private person, would be liable to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant with the following relief:

(A) full and fair compensatory damages;

(B) reasonable attorney's fees and the costs and disbursements of this action; and

(C) such other and further relief as appears just and proper.

Dated: July 31, 2025
New York, New York

By: _____
Joshua S. Moskovitz
Rickner Moskovitz LLP
14 Wall Street, Suite 4C
New York, New York 10005
(212) 300-6506

*Attorneys for Plaintiff*